IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**UNIS "GINEX" D.D. GORAZDE**                                                                                   **PLAINTIFF**

V.                                          **CASE NO. 2:22-CV-2087**

**TAF TRADE, INC.**                                                                                                       **DEFENDANT**

**OPINION AND ORDER**

This is a breach of contract case filed by Plaintiff UNIS "GINEX" d.d. Gorazde ("GINEX") against Defendant TAF Trade, Inc. Currently before the court is TAF Trade's Motion to Dismiss (Doc. 15) pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(5).[1] TAF Trade filed a Brief in Support of its Motion (Doc 16), and GINEX filed a Response in Opposition (Doc. 26). On February 28, 2023, the Court heard oral argument on the Motion and took its ruling under advisement.

According to the three-page Complaint, GINEX is a company organized under the laws of Bosnia and Herzegovina and doing business in the state of Arkansas. TAF Trade is a corporation organized under the laws of the state of New York and doing business in the state of Arkansas. It is alleged that during the time period relevant to the Complaint, TAF Trade maintained its principal place of business in Van Buren, Arkansas.

GINEX manufactures chemicals for use in the ammunition industry, including percussion primers for small and large ammunition. The Complaint states that "[i]n 2013,

---

[1] TAF Trade's Motion also cites to Rule 12(b)(4); however, since the objection to service goes to the manner, method, or lack of service, and not the form of process or content of the summons, the Court believes the request for dismissal is under Rule 12(b)(5) rather than (b)(4). *See* 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1353 (3d ed. 2004).

[GINEX] entered into a contractual relationship with [TAF Trade], via Purchase Order, whereby GINEX agreed to supply [TAF Trade] with primer caps for various small and large arms, including small pistols, small rifle, larges pistols, and large rifles." (Doc. 2, ¶ 6). TAF Trade agreed to pay € 263,320 for the primers. *Id.* at ¶ 7. GINEX maintains that TAF Trade did not pay for the primers that GINEX delivered. "Thereafter, [TAF Trade] acknowledged and created a new promise on the debt, both verbally and by making a partial payment of $29,970.00 on June 27, 2017." *Id.* at ¶ 9. According to the Complaint, TAF Trade now owes GINEX € 252,999.98 for breach of contract.

GINEX had difficulty serving its Complaint and Summons. First, GINEX attempted to serve TAF Trade's registered agent in Arkansas. When that did not work, GINEX next attempted personal service on TAF Trade's president using addresses in North Carolina and New York. *See* Doc. 26, pp. 2–3. After those attempts failed, GINEX requested help from the Arkansas Secretary of State pursuant to the long-arm statute. That service method worked, and on December 7, 2022, TAF Trade responded to the Complaint by filing the instant Motion to Dismiss for lack of personal jurisdiction and improper service.

TAF Trade's first request for dismissal under Rule 12(b)(2) is now **MOOT** because TAF Trade's counsel admitted during the motion hearing that the company's principal place of business during the time relevant to the Complaint was in Van Buren, Arkansas. General personal jurisdiction is therefore proper.

The second request for dismissal is under Rule 12(b)(5). TAF Trade argues GINEX was not entitled to effect service under the Arkansas long-arm statute because: (1) the Complaint does not sufficiently allege that any acts giving rise to a breach of

2

contract occurred in Arkansas and (2) GINEX has never been physically present in Arkansas.

GINEX responds that the Complaint contains facts linking the breach of contract action to Arkansas. Paragraphs 2 and 4 of the Complaint claim that "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district." (Doc. 2, ¶¶ 2 & 4). GINEX maintains that it "supplied [TAF Trade] with approximately 22,000 primers." *Id.* at ¶ 7. Though the Complaint does not explicitly say so, GINEX contends that the primer caps were eventually delivered to Arkansas and that TAF Trade made a partial payment for the caps "from the state of Arkansas." (Doc. 26, p. 5). GINEX also argues that a company need not be physically present in Arkansas to utilize the service features of the state's long-arm statute.

"In a Rule 12(b)(5) motion, the party making the service has the burden of demonstrating validity when an objection to the service is made." *Roberts v. USCC Payroll Corp.*, 2009 WL 88563, at *1 (N.D. Iowa Jan 13, 2009) (internal quotation marks omitted). The long-arm statute states in relevant part:

> (b)(1) Any resident or nonresident person who commits acts in this state sufficient to give *an individual in this state* a cause of action against the person committing the acts shall have deemed to have appointed the Secretary of State as his or her agent for service of process on him or her in any suit arising out of the acts committed by said resident or nonresident.

Ark. Code Ann. § 16-58-120 (emphasis added).

The Court recognizes that GINEX tried to serve TAF Trade repeatedly and only turned to the long-arm statute as a last resort. Nevertheless, it appears that under Arkansas law, service under § 16-58-120(b) is ineffective when the plaintiff is not "in Arkansas when the cause of action accrued [nor] when he filed suit." See *Eliasnik v. Y &*

*S Pine Bluff, LLC*, 2018 Ark. App. 138, 16 (2018). As GINEX admits it was never physically present in Arkansas, service by means of the long-arm statute was ineffective. The Motion to Dismiss is therefore **GRANTED** under Rule 12(b)(5).

Rather than dismiss the case, however, the Court in its discretion grants GINEX's request for leave to amend. *See* Doc. 26, p. 5 n.1. The Complaint lacks important details, such as the date and circumstances under which the contract was allegedly breached, facts about performance of the contract in Arkansas, and the names of the parties' principals. GINEX's amended complaint will be electronically served on TAF Trade through its counsel of record once it is filed.

**IT IS THEREFORE ORDERED** that TAF Trade's Motion to Dismiss (Doc. 15) is **MOOT IN PART AND GRANTED IN PART**, and GINEX is directed to file an amended complaint by no later than April 13, 2023.

**IT IS SO ORDERED** on this 30th day of March, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE